## NICHOLS & SCOVEL v. HEACOCK & BENEDICT, ADMINISTRATORS OF GEORGE NICHOLS.

Upon a plea in abatement, being judged insufficient, a *respondeat ouster* must be ordered. The record of a judgment cannot be amended upon the memory of the judge, after the court is over.

ERROR to reverse a judgment of a justice, in an action brought by said Heacock et al., as administrators aforesaid, against said Nichols et al., on a note.

Plea in abatement — That Susannah Nichols is joint administratrix with the plaintiffs and ought to have been joined in the action. The justice gave judgment that the plea in abatement was insufficient; and thereupon considered and gave judgment that the plaintiffs recover, etc.

Errors assigned — 1st. That said justice ought to have judged said plea in abatement sufficient. 2d. That he ought to have ordered a *respondeat ouster*. 3d. That he ought not to have rendered a principal judgment upon the plea in abatement.

The defendant in error moved — That the justice might have liberty to amend his record and set it right, by inserting

that he ordered the defendants to answer over; and that they failing to make further answer, he proceeded and gave judgment, etc.

By the Court. This would be making a new record, and cannot be done; unless the justice has some minutes to amend by. The records of a court, for the best of reasons, are held to be of such uncontrollable verity, that they can be proved only by themselves, and no averments against them are admissible; and it would destroy that credit, which the law gives to the records of courts, if the judges after the term is over, might alter and amend them upon their memories. See Foot et al. v. Cady, adjudged at Tolland, March Term, 1790.