OPINION of the Court, by
Judge Trimble.
— It will only be necessary to consider the 3d assignment of error, which is that “ the judgment upon,, sustaining the demurrer to the plea to the writ, ought to have been (quod respondeat ouster) that the defendant answer over, &c. instead of a judgment in chief.”
Barnett Moore, who was defendant in the court below, and upon whom a capias ad respondendum requiring bail, had been executed in the county of Bracken, ancj bail taken of him for his appearance in Bracken circuit court ; after craving oyer ot the writ, pleaded a plea, in nature of a plea in abatement, which he con-cjucjes by demanding “ judgment of the writ, and that the same may be quashed.” To this plea the plaintiff demurred specially, which was joined by the defendant. The court upon argument, adjudged the plea ill and sustained the demurrer; and thereupon entered up judgment in chief against the defendant, for the debt. The plea was bad on special demurrer, and the court did right in overruling it ; but we are of opinion the court erred in the judgment given. When the defendant pleads a plea in abatement, if the plaintiff takes issue to the country thereupon, and it is found for him, he shall have judgment in chief; because the defendant’s plea is thereby falsified ; but if the plaintiff demurs and the law is adjudged for him upon the demurrer, it is well settled, that the judgment shall be, that the defendant answer over; or in other words, that the defendant shall *235 plead to the merits ; which if he will not do, judgment may be entered against him for nil dicit.
Judgment reversed.