*June, 1810.*

LOOMIS
v.
TYLER.

Judgment reversed.

---

### LEVI LOOMIS *against* ROYAL TYLER.

WRIT of error.

This was an action of replevin, brought originally by *Loomis* against *Tyler* before *Benajah Strong*, Esq. a justice of the peace, for taking and impounding certain cattle, in the town of *Coventry*, on a certain day.

*Tyler* avowed the taking as follows: " And now the defendant comes into court, and defends the force and

*In replevin, the declaration stated a taking of the plaintiff's cattle in the town of C. on a certain day. The avowry alleged the cattle to have been taken at*

the time and place mentioned in the plaintiff's declaration *damage-feasant,* in the avowant's close. The plaintiff replied, that the cattle entered through the insufficiency of the avowant's fence, on which issue was joined, and a verdict and judgment were for the avowant. It was assigned for error, that the *locus in quo* was not sufficiently described in the avowry; but the court held, that how available soever such defect might be on demurrer, yet, being a defect in form only, it was then too late to take advantage of it.

Where a cause is entered in the superior court for trial after reversal, it is not necessary for the parties to plead *de novo,* but the cause may be tried upon the pleadings in the court below.

An avowry is itself a new declaration, as well as a defence to the declaration of the plaintiff. Therefore, if in an action of replevin, the avowant succeed, judgment must be, that he recover not only his costs, but damages also.

A judgment in replevin for the defendant to recover his costs without assessing damages, being an imperfect judgment, and the defect being the error of the court, the plaintiff may take advantage of it by writ of error, though it is in his favour.

June, 1810.

LOOMIS
v.
TYLER.

injury complained of by the plaintiff in his declaration, and well avows the taking of said cattle, and says, he took the same, at the time and place set up in the plaintiff's declaration, *damage-feasant* in his the defendant's close, eating up and treading down the defendant's grass growing on his the defendant's land, to the defendant's damage fifteen dollars : and to prevent which wrong and trespass, and to recover the damage sustained thereby, he the defendant took and impounded the plaintiff's said cattle, which is the same taking and impounding complained of by the plaintiff."

*Loomis* replied, that the cattle entered into the defendant's said close through the insufficiency of his the defendant's fence surrounding the same.

This was traversed by *Tyler*, and issue joined thereon.

The justice gave judgment in favour of *Tyler*. A writ of error was brought, and that judgment reversed. The plaintiff in the original action then entered the cause in the superior court for trial pursuant to the statute.(*a*) The parties proceeded to try the issue joined before the justice, without any new pleadings, and the superior court found and rendered judgment as follows : " This court consider, and are of opinion, that said cattle did not enter through the insufficiency of the defendant's fence ; and therefore find for the defendant to recover his costs, taxed at 4 dollars and 21 cents."

*Peters*, for the plaintiff in error.

1. The avowry is bad, the *locus in quo* not being sufficiently described. The taking is alleged only to have been " in his the defendant's close." The term " close" does not designate any particular place. A man may have twenty pieces of land, in different parts of the town, each of which is his close. Trespass *quare clausum fregit*, with-

(*a*) Stat. Conn. tit. 58. s. 6.

June, 1810.

LOOMIS
v.
TYLER.

out particularly describing the close, would be ill on demurrer. The place is issuable, because the title may be tried. If issuable, then it must be particularly stated, so that a judgment may be a *bar* in a subsequent action. 2 *Swift's Syst.* 89. 6 *Bac. Abr.* 81. (K.) *Lawes' Summary*, 78.

2. The judgment of the superior court is erroneous because it is for the defendant to recover his costs, without any damages [SWIFT, J. What ground of complaint does that afford you?] We complain that the law has not been done. A party may reverse a judgment for error of the court, though for his advantage. *Capron* v. *Van Noorden*, 2 *Cranch*, 126. and cases by *Harper*, *arguendo*.

3. The issue was immaterial.

4. The parties ought to have pleaded *de novo* in the superior court.

*Bradley*, for the defendant in error.

1. The declaration states, that the cattle were taken in the *town of Coventry*, on a certain day. The avowry refers to the declaration, alleging that the cattle were taken in the place therein mentioned. This is sufficiently certain and particular. It is not necessary to set out the land by metes and bounds. But, at any rate, this exception cannot prevail on a writ of error. Where a sufficient right or title is set out, but in an informal manner, the defect is cured by verdict, or the finding of the court. The omission to describe particularly the *locus in quo* is a defect in form only.

2. The case of *Capron* v. *Van Noorden* does not decide that a party may obtain the reversal of a judgment in his own favour. It is true, that the judgment of a court not having jurisdiction must be set aside, in whose favour soever that judgment may be. But that is not the case before the court.

3. We are entitled to judgment on this record. The

June, 1810.

LOOMIS
v.
TYLER.

avowry is good. The adverse party having added an immaterial replication cannot prevent our recovery.

4. The case in the superior court stood upon the pleadings below. This is sanctioned by long and general practice; is convenient; and is not opposed to any statute provision, or rule of the court.

N. SMITH, J. This cause was brought first before a justice of the peace; and by writ of error came before the superior court; and, being reversed, was entered in the docket of that court for trial. The parties before the superior court proceeded to try the issue of fact which was closed before the justice, without any new pleadings; and this, the plaintiff insists, is erroneous. But, in my opinion, the pleadings and issue were regularly before the superior court. The statute authorizing proceedings on reversal(a) places the cause on the same ground as though it came there by appeal; in which case pleadings *de novo* would not be necessary.

The plaintiff's counsel also insists, that the defendant's avowry is insufficient in not giving a particular description of his close where the cattle were taken *damage-feasant*. But he has admitted in the pleadings, that the cattle were taken *damage-feasant* in the defendant's close, and has taken issue upon the sufficiency of the fence. He has then waived all formal exceptions to the avowry; and, however defective it might have been considered on demurrer, it is now too late to take advantage of such defects.

The superior court, however, proceeded to render judgment that the defendant should recover his costs, without assessing any damages against the plaintiff. This, in my opinion, is clearly erroneous. Had the defendant prevailed on the general issue, or a plea in bar, costs only would have been regular; but an avowry wears a double aspect, being both a defence to the plain-

(a) Tit. 58. s. 3.

tiff's declaration, and is itself a new declaration in favour of the defendant, and, if it succeeds, damages must be given.

It was argued at the bar, that the omission to assess damages being for the advantage of the plaintiff, he cannot be permitted to assign it for error. There are, undoubtedly, cases, where irregularities intervene in the process, or other proceedings, which, being for the advantage of the party against whom judgment is rendered, he shall not be permitted to avail himself of, by way of error; but where the judgment itself is defective, and the error is that of the court, the party who had an advantage thereby may assign it for error. This point is directly decided in *Beecher's* case. 8 *Co.* 58. b. In that case, the plaintiff was allowed to assign for error, that he was not amerced upon entering a *retraxit*, though the omission was to his advantage; and the reason assigned is, that the amercement ought to have been parcel of the judgment, without which the judgment is imperfect; and it is the error of the court. So in the present case, the judgment for costs is an imperfect judgment, and it is the error of the court. It is not, therefore, for me to inquire whether a perfect, correct judgment would have been more or less favourable to one party or the other. It is enough that the court have rendered an imperfect, erroneous judgment.

The other judges were of the same opinion.

*Judgment reversed.*

T