JOHN
v.
CLAYTON.

*Lane,* for the plaintiff.

---

### JOHN and Another v. CLAYTON.

In an action of assumpsit commenced the 22d of *December*, 1818, the promise was alleged to have been made "some time about the 10th of *December*, 1817 :" *Held*, that the declaration was sufficient, after verdict.

If an issue of fact be joined on a plea in abatement, and the jury find for the plaintiff, the judgment should be *peremptory*; but if it be only *respondeat ouster*, that cannot be assigned for error by the defendant, as it is for his advantage.

*Saturday,*
*July* 15.

ERROR to the *Franklin* Circuit Court.—Assumpsit by *Clayton* against *John* and *N. Noble* for goods sold and delivered. The suit was commenced on the 22d of *December*, 1818, and the promises upon which the action was founded, were alleged in the declaration to have been made "some time about the 10th of *December*, 1817." The defendants pleaded in abatement, that the promises, &c., if &c., were made jointly with *Dunn, Ludlow,* and *L. Noble.* The plaintiff replied, that the promises were made by the defendants alone; and issue was thereupon joined (1).—The jury found for the plaintiff, and the Court gave judgment of *respondeat ouster.* The defendants then pleaded the general issue. Verdict in favour of the plaintiff below for 85 dollars in damages; and judgment accordingly.

Assignment of errors, and joinder.

HOLMAN, J.—We must presume that the promise was proved as laid; and as it would be a very forced presumption that some time about the 10th of *December*, 1817, was after the 22d of *December*, 1818, we must consider that, in legal intendment, the promise was found by the jury to have been made previous-

ly to the commencement of the action; which finding would be sufficient to authorize the judgment.

As to the judgment of *respondeat ouster*, the defendants below have no reason to complain. The irregularity operated to their advantage, and afforded them the privilege of pleading to the action, from which, by the rules of law, they were precluded; and having availed themselves of that privilege, they can have no pretext, on account of the irregular advantage they have thus obtained, to reverse the judgment. The principle is general, that a man cannot assign that for error, which he cannot show was to his disadvantage. 2 Bac. Abr. 490; and we see no reason to except this case out of the general rule.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Caswell*, for the plaintiffs.

*Test* and *Lane*, for the defendant.