## THOMPSON *v.* GREENWOOD.

PLEADING.—ABATEMENT.—Under the code, answers in abatement may be filed with answers in bar.

SAME.—PRACTICE.—If the defendant pleads in abatement only, and issue is joined upon the plea and found for the plaintiff, the defendant is not entitled to plead over, but the court or jury should assess the damages and give final judgment for the plaintiff.

APPEAL from the *La Grange* Common Pleas.

ELLIOTT, J.—*Greenwood* sued *Thompson* on a parol con-

tract, by which *Thompson*, in consideration that the plaintiff would permit himself to be enrolled as a soldier in the service of the *United States*, and credited to the township in which *Thompson* resided, promised to pay him the sum of $100. The complaint avers a performance of the contract on the part of the plaintiff, and the refusal of *Thompson* to pay said sum or any part thereof.

*Thompson* answered, in abatement, that the alleged promise, if any, was made by him jointly with *Amos Anderson* and a large number of other persons, whose names are stated in the answer, all of whom were still living and within the jurisdiction of the court.

The plaintiff replied, denying the answer.

The issue, by agreement of the parties, was tried by the court, without a jury. The court found for the plaintiff, and assessed his damages at $100. The defendant then asked leave to file an answer to the merits, which the court refused, and rendered final judgment for the damages so assessed and costs. To these rulings the defendant excepted.

The action of the court, in assessing the plaintiff's damages on the trial of the issue on the answer in abatement, and in refusing to permit the defendant to answer over to the merits, presents the only question in the case.

The decision of the court below is fully sustained by the rule of practice as it existed at common law, which prevailed in this State prior to the code. The rule was this: On sustaining a demurrer to a plea in abatement, the proper judgment was *quod respondeat ouster;* but where issue was joined on such a plea, and the jury found for the plaintiff, he was entitled to a final judgment upon the merits, and it was the duty of the jury to assess the damages. *John* v. *Clayton*, 1 Blackf. 54; *Atkinson* v. *The State Bank*, 5 *id.* 84; Gould's Pl. c. 5 § 2. Nor could the defendant plead in abatement and in bar of the action at the same time; because, according to the order of pleading at common law, pleas in abatement must precede pleas in bar. They are called dilatory pleas, because they delay the plaintiff's

remedy, by questioning the propriety of the suit, or the mode in which the remedy is sought, and not the cause of action; and, by pleading to the action, the defendant waived all dilatory pleas; for, by denying the cause of action itself, he was held to admit the mode in which the remedy was pursued to be correct. Gould's Pl. c. 2. § 37; 1 Chitty's Pl. 440. Such pleas, however, were always defenses. Gould's Pl. c. 2, §§ 6 to 15 inclusive; 1 Chitty's Pl. 440, *et seq.*

Have these rules of practice been changed by the code, and if so, to what extent?

The question more immediately involved in this case is, whether, under the code, the judgment, upon the finding of the court in favor of the plaintiff on the issue on the answer in abatement, should have been final upon the merits, or only a judgment of *respondeat ouster*.

Upon a careful examination of its provisions, we find nothing in the code, either in terms or by implication, changing the common law rule in that particular. It does not contain any special or direct provision in relation to pleas or answers in abatement, but declares that " the only pleadings allowed are : 1. The complaint by the plaintiff. 2. The demurrer and answer by the defendant. 3. The demurrer and reply by the plaintiff." 2 G. & H., § 48, p. 68. It authorizes the defendant, however, to set forth in his answer as many grounds of defense as he may have. Matter in abatement can only be set up, under the code, because it constitutes a defense. In *Wright* v. *Bundy*, 11 Ind. 398, it is said that "the defendants first answered simply in abatement. This answer was acted upon and disposed of by the court, and thereupon the defendants answered over to the merits. This strikes us as the most convenient practice. At all events, it is not a substantially erroneous one." This passage is referred to as authority that the code has changed the old practice upon the point under discussion. We can not so regard it. The defendants were the appellants, and if, from the brief statement of the facts, it is to be under-

stood that an issue of fact was made on the answer in abatement, and tried by the court, resulting in a finding for the plaintiff, and that the defendants were afterwards permitted to answer over to the merits, the permission to do so was an advantage, not an injury, to them, and they could not complain of the ruling. Indeed, we do not understand, from the opinion in the case, that the appellants presented the question as a ground for the reversal of the judgment, or that the court intended, by the remark made, to decide the question. The rules of practice to which we have referred both relate to the same subject, and are so intimately connected, that, in discussing the second, additional reasons will appear why the first is not changed by the code. Our attention, therefore, will be at once directed to the second question, viz: Can a defendant, under the code, set up, in the same answer, matter in abatement with matter in bar?

The purpose of the legislature in enacting the code, as expressed in the title of the act, was to revise, simplify and abridge the rules, practice, pleadings and forms in civil cases; to abolish distinct forms of actions at law, and to provide for the administration of justice in a uniform mode of pleading and practice, without distinction between law and equity. And it may be remarked, that the purpose so expressed is manifested throughout the act, and should always be borne in mind in construing its various provisions.

It is declared by section 48, as we have seen, that "the only pleadings allowed are: 1. The complaint by the plaintiff. 2. The demurrer and answer by the defendant. 3. The demurrer and reply by the plaintiff." 2 G. & H. 68.

When an objection to the complaint appears upon the face thereof, advantage must be taken of it by demurrer; and section 50 specifies the causes for which a demurrer may be filed, among which are the following:

"1. That the court has no jurisdiction of the person of the defendant, or the subject of the action.

"2. That the plaintiff has not legal capacity to sue.

" 3. That there is another action pending between the same parties for the same cause.

" 4. That there is a defect of parties, plaintiff or defendant." 2 G. & H. 77.

All of these objections relate to matters in abatement only. By section 54, it is further provided, that "When any of the matters enumerated in section 50 do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." 2 G. & H. 81. Then, following this, sec-56 declares that the answer shall contain: .

" 1. A denial of each allegation of the complaint controverted by the defendant," &c.

" 2. A statement of any new matter constituting a defense, counter-claim, or set-off, in plain and concise language, without repetition."

" 3. The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered, and clearly refer to the cause of action intended to be answered." 2 G. & H. 83.

Thus it is seen that the only pleadings, on the part of the defendant, known to the code, are a demurrer and answer, and that all objections to the complaint—including matters in abatement as well as in bar—not apparent on its face, can only be taken by answer, which answer may contain a denial of the allegations of the complaint, and as many other grounds of defense as he may have. An answer setting up a defect of parties defendant, as in this case, is a defense, under the code, otherwise the objection could not be taken by answer; and if a defense, then, by the express letter of

the code, it may be pleaded with the general denial, or new matter in bar, or with both, for the answer may contain as many grounds of defense as the defendant may have.

There is no authority for more than one answer, nor for more than one trial upon issues of fact. The right to set forth as many defenses as the defendant may have, with the requirement that they be separately stated, clearly shows that every ground of defense must be presented in the same answer.

In this conclusion we are sustained by the courts of *New York*, under a code containing the same provisions on the subject as our own. See *Sweet* v. *Tuttle*, 10 How. Pr. R. 40, and *Mayhew* v. *Robinson*, *id.* 162, in which the question is fully discussed. The former was subsequently affirmed by the Court of Appeals, and is reported in 14 N. Y. 465. See also *Bridge* v. *Payson*, decided by the Superior Court of the city of *New York*, 5 Sand. 210.

We are not unmindful of the fact that this question has been ruled otherwise by this court, in a number of cases, since the enactment of the code, and that the rule is regarded by the profession, perhaps, as settled. By an examination of those cases, it will appear that the decision of this question was controlled by a consideration of the rule, and the reasons therefor, as they existed at common law, without a critical examination of the provisions of the code to which we have referred. We are very reluctant to change a seemingly settled rule of practice, and especially when in doing so, it becomes necessary to overrule a number of previous decisions of the court. But after a careful consideration of the provisions of the code bearing on the question, we are so clearly satisfied that the conclusion reached in this case fully accords with both their letter and spirit, that duty requires us to so decide. Nor can we see any reason to apprehend that thus to allow a defendant to unite, in the same answer, matter in abatement with matter in bar, will be productive of either injustice to parties or serious inconvenience in practice.

Thompson *v.* Greenwood.

The system of practice established by the code differs materially from the former practice in courts of law. It is less technical in form and more liberal in its application. Its rules are more nearly analogous to those formerly prevailing in courts of equity. It gives to the court plenary power in moulding the judgment and in adapting it to the rights of the parties as they are found upon the trial. It authorizes either party to demand a special verdict, or to require that the jury, if they return a general verdict, shall find specially upon any particular question of fact, stated in writing, that may be pertinent to the issues, and such special finding, if inconsistent therewith, controls the general verdict.

The court of its own volition, doubtless, might require such a special finding, if deemed necessary in forming a proper judgment and preserving the rights of the parties. Under these rules, if the defendant in the case at bar had filed the general denial with the plea in abatement, and the jury had found a general verdict for the defendant, but, in answer to an interrogatory, had also found specially that the promise alleged in the complaint was made by the defendant jointly with the other persons named in the answer in abatement, the special finding would have directed the judgment, which, in that case, should have been in abatement of the action, without prejudice, and would not have barred another action against the defendant jointly with the other proper parties.

The judgment is affirmed, with costs.

*J. M. Flagg,* for appellant.

*A. Ellison,* for appellee.