State *v.* James.

———•◦•———

STATE *vs.* NELSON JAMES.

37 355
65 286

The judge, in his charge in a criminal case, said to the jury, "Jurors have sometimes said, after the acquittal of a prisoner, that they had no doubt of his guilt but did not think there was sufficient evidence to warrant a conviction. This is wrong ; for if a juror goes into the trial with his mind unprejudiced and knowing nothing of the facts, and becomes satisfied without doubt from the testimony offered that the prisoner is guilty, then there can be no reasonable doubt in his mind." Held that the prisoner had no ground for complaint.

A minor was tried, convicted and sentenced upon a criminal complaint without the appointment of a guardian ad litem. Held that the proceedings were not void but only erroneous.

It appeared however that the prisoner, before being put to plead, was asked by the judge in the presence of his counsel whether he was of age, to which he replied that he was supposed to be, and that in consequence of this answer a guardian was not appointed. Held that upon these facts the proceedings were not even erroneous.

Where a mittimus required the jailer to receive the prisoner and keep him until he should pay a certain sum as costs or be otherwise discharged by order of law, it was held that the mittimus was irregular so far as it related to the payment of costs, but that that clause could be rejected as surplusage.

The prisoner and another person were bound over together by a justice of the peace to the Superior Court for theft. The order of the justice was " that the said *E* and the said *N* become bound with sufficient surety in a recognizance in the sum of two hundred dollars each, to the treasurer of the state, that the said *E* and *N* will appear before the next Superior Court to be holden &c. then and there to answer to said complaint and abide the decision of said court thereon, and to stand committed till this order be complied with." It appeared from the record that the prisoners were separately required to answer to the complaint, that a separate mittimus was issued in the case of each,

and that the mittimus recited the order as requiring each prisoner severally to give bond for his several appearance. Held—1. That the justice had no authority to require either prisoner to become bound for the appearance of the other, and that a commitment for non-compliance with such an order would be void. 2. That such a construction should be given to the order as would make it legal, if the language would bear that construction. 3. That a construction of the order, as applying to the prisoners severally and not jointly, would make the language of the order conform to the other parts of the record and to the manifest intention of the magistrate, and was in every respect a reasonable one.

TWO INFORMATIONS by the attorney for the state in Fairfield County, one for theft and the other for breaking jail; brought to the Superior Court in Fairfield county, and tried to the jury upon pleas of not guilty before *Minor, J.*

On the trial the counsel for the prisoner claimed that if the jury entertained a reasonable doubt of the guilt of the prisoner it was their duty to acquit him, and requested the court so to charge. The court charged the jury that they must be satisfied beyond a reasonable doubt, from the testimony in the case, of the guilt of the prisoner, before they could find a verdict of guilty against him. And in explanation of what was meant by a reasonable doubt, the court further said, that if upon retiring to the jury room, any one of the jury should find his mind hesitating to come to a conclusion as to the guilt or innocence of the prisoner, and on examination of the testimony in the case should inquire of himself whether after all the prisoner is guilty, such juryman entertains a reasonable doubt and it is his duty to give the prisoner the benefit of such doubt by a verdict of acquittal. And the court added, "Jurors have sometimes said, after the trial and acquittal of a prisoner, that they were satisfied of his guilt and had no doubt of it, but did not think there was sufficient evidence to warrant a conviction. This is wrong, for if a juror goes into the trial of a case with his mind unprejudiced and knowing nothing of the facts, and becomes satisfied, without doubt, from the testimony offered that the prisoner is guilty, then there can be no reasonable doubt in his mind."

The jury having returned a verdict of guilty the defendant moved for a new trial for error in the charge.

The other information contained two counts, one for break-

State *v* James.

ing jail with intent to procure the escape of the defendant himself, and the other for breaking jail with intent to procure the escape of one Edwin M. James, both being then lawfully confined within the jail.

It appeared that the defendant and Edwin M. James were brought before a justice of the peace upon a warrant for theft and that they were bound over by the justice to the Superior Court. The record of the binding over and of the order for bond by the justice was as follows :

" And the said Edwin M. James and Nelson James, being separately required to answer to said complaint, say that they are not guilty in manner and form as in said complaint is alleged, and having enquired into the facts stated in said complaint, the court finds that there are probable grounds that the said Edwin M. James and Nelson James are guilty. It is therefore ordered and considered by me that the said Edwin M. James and Nelson James become bound with sufficient surety in a recognizance in the sum of two hundred dollars each, to the treasurer of the state of Connecticut, that the said Edwin M. James and Nelson James will appear before the next Superior Court, to be holden at Bridgeport, in and for said county, on the 3d Tuesday of December, A. D. 1869, then and there to answer to said complaint, and abide the decision of said court thereon, and to stand committed until this order be complied with."

The attorney for the state, for the purpose of proving that the defendant and Edwin M. James were legally committed to and held in the jail at the time of the breaking and escape, offered in evidence the record of the proceedings before the justice and two mittimuses issued by the justice for their several commitment to jail. The mittimus for the commitment of the defendant, after describing the complaint, ran as follows :

" On which complaint I found the defendant guilty, and that probable ground exists for the support of the same. Whereupon it was considered and ordered by me, that the said Nelson James give a bond of recognizance to the treasurer of the state of Connecticut, with sufficient surety, in the

sum of two hundred dollars, conditioned that he shall appear before the next Superior Court to be holden at Bridgeport in said county, on the 3d Tuesday of December, 1869, to answer to said complaint, and abide the order or judgment of said court touching said complaint or the matters charged therein. And whereas the said Nelson James, now before me, neglects and refuses to comply with and perform said sentence, these are therefore, by authority of the state of Connecticut, to command you to take and convey the said Nelson James to the common jail in the town of Danbury, in the county of Fairfield, and him deliver to the keeper thereof, and leave with him this warrant; and the said keeper is hereby commanded to receive said Nelson James into his custody within said jail, and him confine and imprison within the same, until he shall pay the sum of seventeen dollars and eighty-seven cents costs, or be otherwise discharged by order of law."

The defendant objected to this evidence on the ground that the proceedings were null and void, and that the defendant and Edwin James were not legally held in jail at the time of the breach and escape therefrom, but the court overruled the objection and admitted the evidence.

The defendant also claimed, and offered evidence to prove, that at the time of his trial and conviction before the justice he was a minor, under the age of twenty-one years, and that no guardian was appointed by the court, and on the trial of the defendant before the Superior Court he offered evidence to prove, and claimed to have proved, that he was still a minor under the age of twenty-one years. In reply to this claim the attorney for the state offered proof that on the trial before the justice, the defendant, in the presence of his father and of his counsel, was inquired of by the justice whether he was of age, and in answer he replied in their presence "that he was supposed to be."

The defendant requested the court to charge the jury that "if he was a minor at the time of his trial and conviction before the justice, and no guardian was appointed by the justice, the conviction and binding over were void;" but the court did not so charge the jury, but did charge them "that

if the defendant was a minor at the time of the trial, and if he was then so inquired of as aforesaid, in the presence of his father and of his counsel, and made reply that he was of age in their presence, he was now estopped from making the defense, but that if the defendant was then a minor and such inquiry and reply were not made, and no guardian was appointed by the justice, such conviction and binding over were void."

The defendant further requested the court to charge the jury " that said proceedings before said justice, together with said mittimuses, were null and void, and that the said Nelson and Edwin M. James were not legally held in said jail at the time of their escape therefrom." But the court did not so charge the jury, but did charge them that the requirement for the payment of costs by the defendants in each of said mittimuses might be treated as surplusage, and that the mittimuses of commitment were sufficient to hold the prisoners in custody in jail.

The jury having returned a verdict of guilty the defendant moved for a new trial.

*Taylor* and *Sanford*, in support of the motions.

1   The charge in the first case as to what constitutes a reasonable doubt, was erroneous. 3 Waterman on New Trials, 800.

2.   The judgment of the justice court was void, because it required each of the defendants to be bound for the appearance of both. The power of the justice is derived solely from the statute, and any requirement variant from or beyond the statute renders the judgment void. *Ferry* v. *Burchard*, 21 Conn., 597. Even the case of *Hendee* v. *Taylor*, 29 Conn., 448, will not support this judgment. The word " each" is used but once, and refers to the amount only of the recognizance.

3.   The mittimus is void. 1st. Because based on a judgment that is void. 2d. Because it requires the payment of costs as a condition of release. 3d. Because it omits to require the defendant to be held until the next term of the Superior Court, as provided by statute.

4. The prisoner thus being held on void process only, had a right to make his escape as he best could. *Lester* v. *The State*, 11 Conn., 415.

5. The proceedings are erroneous because no guardian ad litem was appointed ; nor did any guardian appear. In civil suits confession by guardian cannot bind an infant. *Reddick* v. *State Bank*, 27 Ill., 145 ;. *Edsall* v. *Vandemark*, 39 Barb., 589.· Generally infants are not bound by their own admissions. *Lunday* v. *Thomas*, 26 Geo., 537 ; *Legard* v. *Sheffield*, 2 Atk., 377. If no guardian is appointed it is error. *Peak* v. *Pricer*, 21 Ill., 164 ; *Ralston* v. *Lahee*, 8 Iowa, 17 ; *Valier* v. *Hart*, 11 Mass., 300 ; *Crockett* v. *Drew*, 5 Gray, 399. Much more is this true in criminal proceedings.

6. The charge of the court was erroneous in that the jury were instructed that an infant would be estopped by his own admissions as to his age, which would not apply even in a civil case.

*White*, State Attorney, and *Brewster*, contra.

SEYMOUR, J. In the first of these cases the accused seeks a new trial on the ground that the judge's charge was calculated to mislead the jury in respect to what constitutes a reasonable doubt of guilt in criminal causes.

After stating the rule in the usual form the judge added, " in explanation of what was meant by a reasonable doubt, that if upon retiring to the jury room any one of the jury should find his mind hesitating to come to a conclusion as to the guilt or innocence of the prisoner, and on examination of the testimony in the case should enquire of himself whether after all the prisoner is guilty, such juror entertains a reasonable doubt, and it is his duty to give the prisoner the benefit of such doubt by verdict of acquittal."

Thus far the explanation is very favorable to the prisoner and he makes no complaint of it.

The judge further added: "Jurors have sometimes said, after the acquittal of a prisoner, that they were satisfied of his guilt and had no doubt of it, but did not think there

State v. James.

was sufficient evidence to warrant conviction. This is wrong; for if a juror goes into the trial of a case with his mind unprejudiced and knowing nothing of the facts, and becomes satisfied without doubt from the testimony offered that the prisoner is guilty, then there can be no reasonable doubt in his mind."

It seems to us very clear that the prisoner has as little ground of complaint against this part of the charge as against the former part. By the terms of the statement the juror has "no doubt," and is satisfied "without doubt" that the accused is guilty. This would seem to exclude reasonable doubt. And by the terms of the statement the juror's judgment is founded "wholly upon the testimony offered." We think the judge was warranted in pronouncing it wrong for such a juror to say that the evidence was not sufficient to warrant a conviction. In capital cases however, where the statute requires evidence of two witnesses or what is equivalent thereto, the proposition would require modification.

There is no scale by which the degrees of doubt or of belief-can be accurately measured and defined. The term "reasonable doubt" has become familiar and conveys to jurors the idea intended to be conveyed as fully as the nature of the subject admits. It sometimes however becomes necessary to put jurors upon their guard against plausible misconstructions of the phrase, and the explanation of the judge at the circuit was probably occasioned by a discussion on the subject at the bar and adapted to the particular form and nature of that discussion. While therefore we think the accused has no reason to complain, we do not wish to be understood as accepting the explanation as a complete and full exposition of the phrase adapted to all cases, and from the intrinsic difficulty of such an exposition we refrain from attempting to make it ourselves.

In the second case the prisoner was found guilty of prison breach, and he asks for a new trial because, as he claims, his imprisonment was unlawful and the breach of prison therefore no crime.

He says, first, that he was a minor and that no guardian

appeared for him or was appointed in the proceedings under which he was imprisoned. If this be so the proceedings may be erroneous, but are not void. But when enquired of in court if he was of age he replied that he was supposed to be, and thus by his answer he prevented the appointment of a guardian ad litem. Upon these facts the judgment is not even erroneous.

And, second, it is claimed that the proceedings under which he was committed and held in jail are void in two particulars. The first is, that being bound over for want of bail the mittimus requires the jailer to receive and keep the prisoner until he pay the sum of $27$\frac{35}{100}$ cost, or be otherwise discharged by order of law.

It is undoubtedly true that the mittimus is irregular so far as relates to the payment of costs, but in other respects it is regular, and the clause relating to costs may be rejected as surplusage. A similar question arose in the case of *Matter of Sweatman*, 1 Cowen, 144, and is there fully discussed. We refer to that case and the authorities there cited as settling this point.

The stress of the defendant's claim is however upon the point that the justice in his judgment requires the defendant and Edwin M. James, (the two having been prosecuted together,) to become bound for the appearance of both before the Superior Court. It is admitted that the justice had no authority to require the defendant to become bound for the appearance of his co-defendant, and a commitment for non-compliance with such an order would be void. The terms of the judgment are these : "It is thereupon ordered and considered by me that the said Edwin M. James and Nelson James become bound with sufficient surety in a recognizance in the sum of $200 each, to the treasurer of the state of Connecticut, that the said Edwin M. James and Nelson James will appear" &c.

The words of the judgment undoubtedly admit of the construction claimed by the defendant, but it appears from the whole record that the defendants were separately required to answer to the complaint, and the mittimuses issued in con-

nection with the judgment recite the order as being several, to wit, that Nelson James give bond that he shall appear and Edwin M. James give bond that he shall appear. The order as construed by the defendant is illegal and unauthorized, and the words are capable, without doing them any violence, of a construction requiring of each a bond for the several appearance of each, which order so construed will be legal and authorized. Under these circumstances we think we ought to construe the language of the order so as to conform to the other parts of the record, and such construction makes the proceedings sensible and legal, and accords with the real intention of the magistrate, and is we think required by the authority of the case of *Hendee* v. *Taylor*, 29 Conn., 448.

We therefore advise that there be no new trial in either of the two cases.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.