Taff *v.* State.

### HENRY TAFF *vs.* THE STATE.

It is settled law in Connecticut that no party can set aside a judgment by writ of error, unless he is aggrieved by the judgment of which he complains.

A judgment may be erroneous in part, and valid as to the residue.

Therefore, where a statute provided that every person convicted of maintaining a nuisance should be fined not less than five nor more than fifty dollars, and that the court before whom such conviction was had should order the defendant to remove the nuisance within thirty days, and upon a conviction under such statute the court imposed a fine of four dollars, and also ordered the defendant to remove the nuisance within thirty days, and to pay the cost of prosecution, it was holden, upon a writ of error from such judgment, that the judgment, as far as the fine was concerned, was erroneous, and that the plaintiff in error was so aggrieved by it as to be entitled to have it reversed; and that the remainder of the judgment was not invalid by reason of the error of the court in respect to the fine, and must be affirmed.

WRIT OF ERROR to reverse a judgment of the Superior Court (*Minor, J.,*) upon a complaint under the "Act to prevent and

remove nuisances." The case is sufficiently stated in the opinion.

*Curtis*, for the plaintiff in error.

*White*, State Attorney, for the State.

Seymour, J. The plaintiff in error was duly convicted of violating the first section of " the Act to prevent and remove nuisances." The conviction was upon the presentment of an informing officer, and section 13 of the Act provides that every person so convicted shall be fined not less than five nor more than fifty dollars. It appears by the record that the fine actually imposed by the court is four dollars, and because the fine is thus less than the defendant was entitled to, he brings this writ of error to reverse the judgment.

Notwithstanding many old cases to the contrary, the settled law in Connecticut is that no party can set aside a judgment by writ of error, unless he is aggrieved by the judgment of which he complains. This sound and just doctrine is so fully and ably vindicated by the late Chief Justice Williams in the case of *Alling* v. *Shelton*, 16 Conn., 436, as to require no further discussion. The only question before us is how far that doctrine applies to the present case.

We think it is clear that the sentence to pay a fine of four dollars is not warranted by the statute. The 13th section is as peremptory in its language in forbidding a fine of less than five dollars, as it is in forbidding one of more than fifty dollars. If then we decide that the defendant shall pay the four dollar fine, we decide that he must pay a fine which the court below had no authority to inflict, and which the language of the statute forbids to be inflicted.

Is the defendant aggrieved by this sentence? If there is nothing more in the case, he certainly is aggrieved by an order to pay an unwarrantable fine. Can we then use the defendant's liability to the higher penalty, as a ground for supporting the lower but unwarranted penalty, which appears by the

record to have been inflicted ? We think we cannot. It is true that the defendant is not as much damaged by the sentence actually given, as he would have been had the legal sentence been pronounced. But the legal sentence has not been pronounced, and we have no power to pronounce it.

·If the plaintiff in error succeeds, he relieves himself from an unlawful sentence, and does not thereby *ipso facto* subject himself to the lawful penalty. Whether he thereby puts himself in the way of being subjected to the lawful penalty upon further proceedings, we have no occasion to decide. We think therefore that the judgment, so far as the fine is concerned, must be reversed.

A question then arises what effect has such reversal upon the other parts of the judgment. The statute provides that the court before whom the conviction is had shall order the defendant to remove such nuisance within thirty days. This order was made, and a further order that the defendant pay a bill of costs. The case of *The Matter of Sweatman*, 1 Cow., 144, is full to the point that a judgment may be erroneous in part, and valid as to the residue. That case was well considered and elaborately discussed, and is cited by us with approbation in the recent case of *State* v. *James*, 37 Conn., 355. The judgment there was a full and complete judgment according to law, with the addition of something not warranted by law, and the maxim *utile per inutile non vitiatur* was applicable, and applied to the case. But the argument here for the plaintiff in error is, that the sentence to pay the fine being illegal and reversed, the judgment which remains is not a full and complete judgment, and ought for that cause to be set aside. But it is difficult to see how the plaintiff in error can be aggrieved by this imperfection, unless indeed it be so imperfect as for that cause to be invalid. If the statute was such that the court were prohibited from rendering the judgment to remove the nuisance and pay the cost, without also imposing a fine, then indeed perhaps the plaintiff in error might be aggrieved, but the statute makes no such prohibition. On the contrary the statute expressly requires the court to order the removal of the nuisance. This order the

court below made, and we cannot say the order is erroneous, merely because the court failed to do its duty in respect to the fine. The case of *Alling* v. *Shelton*, is full to this point. The judgment therefore of the Superior Court is reversed as to the fine, but in all respects except as to the fine it is affirmed.

In this opinion the other judges concurred.