Nov. Term, 1839.

NEAL
v.
MILLS.

---

NEAL *v.* MILLS.

A *capias ad respondendum* was issued against the defendant and one *Cook*, and was delivered to the sheriff the day it issued. On the next day, the writ not having been served, was, at the plaintiff's request and with the consent of the sheriff, altered by the clerk by striking out the name of *Cook*, and was afterwards served on the defendant, against whom alone the declaration was filed. *Held*, that the writ so altered was valid. *Held*, also, that the defendant could not, on these facts, support a plea of the pendency of a prior suit for the same cause.

Where the plaintiff replies *nul tiel record* to a plea of the pendency of a prior suit, and the issue is found for him, the judgment is that the defendant answer over.

The plaintiff, on a trial of an issue to the country on a plea in abatement, should prove his damages, for, without such proof, though he sustain the issue, there must be a *venire de novo*.

ERROR to the *Wayne* Circuit Court.

Dewey, J.—Assumpsit. On a motion to quash the writ by *Neal*, the defendant below, the following facts were proved, viz. "On the 15th of *August*, 1838, *Mills*, the plaintiff below, caused to be issued a *capias ad respondendum* against the defendant and one *Cook*; the writ was delivered to the sheriff on the same day, and on the next day, no service having been made, the plaintiff procured the clerk who issued the writ to strike from it the name of *Cook*, the sheriff consenting thereto; the process was afterwards served upon the defendant; the declaration is against him alone. The Court overruled the motion. The defendant then pleaded in abatement, 1st, the pendency of a suit against the defendant and *Cook* for the same cause of action; and 2dly, the same facts which had been proved upon the motion to quash the writ. To the first plea the plaintiff made an informal replication amounting, as we conceive, to *nul tiel record*; and he demurred to the second plea. The Court sustained the demurrer, and found for the plaintiff that there was no such record, and thereupon entered an interlocutory judgment, *quod recuperet*, and directed a writ of inquiry to issue, upon which damages were assessed. The evidence given under the issue upon the plea of *nul tiel record*, consisted of the same facts which were proved upon the motion to quash the writ, and of proof that the writ, before and after it was altered by striking out the name of *Cook*, was for the same cause of action, and that the plaintiff had not entered in the clerk's office the dismissal of any suit. Final judgment for the plaintiff.

It is contended that the Circuit Court erred, 1st, in refusing to quash the writ; 2dly, in sustaining the demurrer; 3dly, in finding the issue of *nul tiel record* for the plaintiff; and 4thly, in rendering judgment *quod recuperet* upon such finding and awarding a writ of inquiry.

The three first points involve the same facts, and really give rise to but two questions, viz. was the writ valid? and was there a former suit pending? These questions, in our opinion, were correctly decided by the Circuit Court; we do not think the circumstances and facts, which have been stated, vitiated the writ which was served upon the defend-

*Nov. Term, 1839.*

Neal
v.
Mills.

*Friday, November 22.*

Nov. Term,
1839.
ant; or that they established the existence of more than one suit.

ENSMINGER
v.
MARVIN.
The last objection, however, is well urged, and must prevail; the interlocutory judgment—that the plaintiff recover his damages,—and the awarding the writ of inquiry, were erroneous. Where the plaintiff replies *nul tiel record* to a plea of the pendency of a former suit for the same cause of action, and the issue is found for him, the proper judgment is, that the defendant answer over. *Cremer* v. *Wicket*, Ld. Raym. 550.—*Marston* v. *Lawrence et al.* 1 Johns. Cases, 397. 2 Archb. Pr. 13.—2 Tidd's Pr. 677. When an issue to the *country* is formed upon a plea in abatement, the plaintiff should prove his damages, for the judgment is peremptory; and if he fail to make such proof, though he sustain the issue, no writ of inquiry goes, but a *venire de novo* is awarded. *John et al.* v. *Clayton*, 1 Blackf. 54 and note, and authorities there cited.

*Per Curiam.*—The judgment is reversed, and the interlocutory judgment on the plea of *nul tiel record* with the subsequent proceedings under that plea set aside, with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.
*C. H. Test*, for the defendant.