JOHN HARRELL v. W. C. HILL.

Where the plaintiff sued the defendant for trespass in taking a horse, of the value of one hundred dollars, the property of the plaintiff, and converting it to his own use, and the defendant pleaded in abatement that the horse was not worth one hundred dollars, that the defendant was not damaged one hundred dollars, but that he had fraudulently laid his damages at that amount to give the Court jurisdiction, there being no demurrer to the plea, the Court caused the same to be submitted to the jury with the plea of general denial, to which the defendant excepted ; *Held,* there was no error.

Where a party moves for a new trial, on the ground of newly discovered evidence, his affidavit should exclude the supposition that the evidence would have been discovered by due diligence in the preparation of his case for trial.

Appeal from Lavaca. Action by the appellee against the appellant, alleging that the latter on a certain day, with force and arms, wrongfully seized, took and carried away a certain sorrel horse, about six years old, the property of the plaintiff, of the value of one hundred and fifty dollars, and then and there converted said horse to his, defendant's own use, to petitioner's damage two hundred dollars, wherefore, &c.

Defendant pleaded in abatement, under oath, that the horse claimed in plaintiff's petition, is not worth one hundred dollars, and said Hill, if damaged at all, has not been damaged to the amount of one hundred dollars, and that the allegations in plaintiff's petition of the value of said horse and the damages sustained by petitioner are fraudulently made for the purpose

of giving the Court jurisdiction, wherefore, &c.   The defendant also pleaded a general denial.

The Court ruled that the plea in abatement and the general denial should be submitted to the jury together.

There was conflict of testimony as to the value of the horse, but none as to the taking or as to the ownership of the horse. There were circumstances from which it might be inferred that the horse was taken under color of legal process against the plaintiff or other person, but such defence was not relied on.

Verdict for the plaintiff for $100.   Motion for new trial on the ground of newly discovered evidence, part of which related to the value of the horse, and as to this the affidavits of the witnesses were filed ; and further, newly discovered evidence as to the title of the horse, but there was no showing that due diligence in the preparation of the cause for trial would not probably have resulted in the discovery of such evidence.   The witness by whom these facts could be proved was named D. H. L. Hill, and resided in Colorado county ; and the defendant stated in his affidavit for new trial, that the said Hill's affidavit of what he could prove, could not then be obtained.   Motion overruled, judgment, &c.

*I. A. & G. W. Paschal*, for appellant.   The question of jurisdiction was dilatory, and according to the Statute, and upon principle, ought to have been first decided.   (Hart. Dig. Art. 691, 692.)

The affidavit about the newly discovered evidence was sufficient to entitle the party to a new trial.   The newly discovered evidence went to the ownership of the property.

Wheeler, J.   The Court did not err in submitting to the jury at the same time the issues upon the plea in abatement and the answer to the merits.   It was in accordance with general practice, (5 Blackf. 208 ; 16 Conn. 436 ; 6 Wend. 649 ; 1 Bibb,

224; 6 Pennsyl. 361,) and there is nothing in the Statute which forbids it.

Nor did the Court err in refusing the application for a new trial. All the newly discovered evidence, except that of the witness Hill, was merely cumulative; and as to the materiality of that witness, and what he would prove, the application rested on the unsupported affidavit of the defendant; and that does not state that he had used any diligence to become informed of, or obtain the evidence before the trial, or any excuse for the want of it. For aught that appears, the defendant might have known of the materiality of the witness, and obtained his testimony upon the trial by the use of proper diligence.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.