OLIN BOON v. THE STATE.

NEW TRIAL. When on the trial of a criminal cause, evidence is exclud-ed which might have been properly admitted without prejudice to either side, but which, if admitted, would prove a fact so remotely con-nected with the case as to be entitled to no appreciable weight in favor of defendant, its exclusion furnishes no ground for new trial.

APPEAL from DeWitt. Tried below before the Hon. D.D. Claiborne.

*W. H. Woodward* and *Kleberg & Grimes*, for appellant.

*Geo. Clark*, Attorney-General, for the State.

ROBERTS, C. J. This is an indictment for receiving stolen property. It is one of a great number of cases being pre-sented to the consideration of this court, which is not devel-oped in such way as to present marked features and distinct points, that would deserve to be elaborated.

Fot instance, the charge of the court is sufficient for the case, and barely sufficient, and still no good reason is seen why the charges asked for the defendant were not given, as they would have more certainly directed the minds of the jury to the true issues in the case. A part of the charge relating to the effect of the recent possession of stolen property was unnec-essary, and not strictly applicable; still it is not perceived, in view of the facts proved, how it could prejudice the defendant.

The evidence of the defendant's guilt being for the most part circumstantial, is not as strong as it might be, still it is too forcible to justify this court in setting aside the verdict of the jury on appeal.

The evidence excluded from the jury might have been admitted without prejudice to either side, still its exclusion was no ground of error, because the evidence excluded was too remote to have been entitled to any appreciable weight in favor of the defendant. The object of the evidence was to prove that there might possibly be in circulation, in the United States of America, two twenty-dollar bills, numbered and lettered " A," " 1,967,712," of different series. The conclusion sought to be drawn from this evidence, as favorable to the defendant, was, that the bill lost by Thompson was a bill of another series than that passed by Boon, although both were of the same letter and number, " A," " 1,967,712." The whole force of this would depend upon the bare possibility that there were two such bills in circulation at that time, and upon the extremely remote chance, perhaps estimated as one to a million, that the two such notes had happened to get at that time in the Staborn House, near Cuero, in Western Texas, belonging to two of its inmates.

We are of opinion that there is no such error exhibited in the transcript of the record as would warrant a reversal of the judgment.

                                        Affirmed.