## S. W. MARCH *v.* THE STATE.

CONFLICT OF EVIDENCE.—It is the province of the jury to weigh the evidence, and to solve by their verdict any conflict between the testimony of the witnesses; and, unless it appears that injustice has been done the accused, the finding of the jury will not be disturbed by this court.

APPEAL from the District Court of Smith. Tried below before the Hon. M. H. BONNER.

A statement of this case will be found in the report of a former appeal, 44 Texas, 64.

*Jones & Henry,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J. The facts developed on the trial of this case are substantially the same as those disclosed in the case upon the former appeal (44 Texas, 64), wherein appellant was found guilty of an assault with intent to murder. This is an

appeal from a verdict and judgment convicting him of an aggravated assault, and imposing a fine of $1,000. We have listened to the argument of counsel for appellant with attention and interest, and have since read the record of the case with great care.

There is no question of law raised in the case which we deem it necessary to notice. Throughout the entire proceeding the trial seems to have been conducted with marked ability by the counsel and the court, and if any, even the slightest, error of law has been committed, we have been unable to detect it. The case, then, simply resolves itself into this : Is the evidence sufficient to warrant the verdict and judgment?

It cannot be denied that there is great conflict in the evidence as to who first committed the assault, but all the questions which could legitimately arise upon the evidence were fairly submitted to the jury by appropriate instructions from the court, and it was the province of the jury to weigh the testimony and give it, coming from the witnesses on either side, just such weight as in their judgment it was entitled to. They seemed to have believed the testimony of the state's witnesses, in the main, in preference to those of the defendant. If they believed the state's witnesses, the evidence was amply sufficient.

The correct rule is that laid down in *Shaw* v. *The State*, 27 Texas, 757, and the language in which it is expressed is so appropriate to this case that we adopt it as entirely applicable. In that case Reeves, J., says: " It is the appropriate province of the jury to weigh the evidence, and, unless it appears that their finding is against the evidence, this court has invariably refused to disturb the verdict ; the rule being the same in criminal as in civil cases. See *Ables* v. *Donley*, 8 Texas, 331 ; *Jordan* v. *The State*, 10 Texas, 479 ; *Harwell* v. *Hill*, 15 Texas, 270. A very strong appeal has been made to grant a new trial, and if it had been shown

that injustice had been done the appellant, either in the ruling of the court or in the verdict of the jury, the humanity of the law would require another trial ; but, believing otherwise as the case is presented, the judgment must in all things be affirmed." [1]

*Affirmed.*

---

[1] ECTOR, P. J., did not sit in the case.