## B. F. Baltzeager v. The State.

Practice in this Court. — To weigh the evidence being the appropriate province of the jury, their verdict will not be disturbed by this court unless it appears to be against the evidence.

Appeal from the District Court of Bastrop.    Tried below before the Hon. L. W. Moore.

The indictment charged that, on December 19, 1877, the appellant did assault one John Miller, and, with force and arms, take from his person and possession $245 in silver coin and current money of the United States, specifically described.

Miller was a peddler, who traveled on foot, leading a horse, with his pack of merchandise, in which he also carried his money.    He testified that, on December 19, 1877, between eleven and twelve o'clock, as he was proceeding along a public road, in Bastrop County, two men on foot came suddenly out of the brush and demanded his money.    The defendant was one of the men.    He held a pistol on witness while his companion rifled his pack and secured the money.    They gave back to witness $5 of his money, and told him that they lived in the neighborhood, and would kill him if he said anything about the matter.    The witness described the money as alleged in the indictment, and was positive that the accused was one of the two men who took it.    The accused was not disguised in any way, but his companion — a black-haired, dark-complexioned man — had a handkerchief over his nose and mouth.    The witness gave information immediately of the robbery.

Several other witnesses for the State, who knew the accused, testified that he and a dark-complexioned, black-haired man were riding along the road on which the robbery was done, in the forenoon of the day on which it was com-

mitted. One of the witnesses for the State saw the two men described by the others passing a freedman's house while the peddler was there, about nine o'clock in the forenoon; but this witness did not know the accused to have been either of the two.

Quite a number of witnesses testified for the defense, to establish an *alibi*, but the significance of their testimony is dependent, in a great measure, upon localities and distances not distinctly disclosed.

The jury found the accused guilty, and gave him ten years in the penitentiary. A new trial was refused, and the only error assigned impugns the sufficiency of the evidence.

*G. W. Jones*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was indicted under article 2379, Paschal's Digest, for robbery, and was tried and convicted, and his punishment affixed at ten years in the penitentiary. His defense on the trial below was an *alibi*, and the only question raised on this appeal in the able oral argument and brief of the distinguished counsel for appellant is whether the evidence, as developed by the statement of facts, is sufficient to uphold the verdict and judgment.

If "the Jew peddler," the party robbed, is to be believed — and the jury seem to have thought his statement worthy of belief — then there can be not the slightest question of the defendant's guilt, for he, the witness, unequivocally and positively identifies him as the unmasked party who held the cocked pistol presented whilst his companion searched and got possession of the money. And we further confess that a thorough examination of the whole evidence has led us to the conclusion that the jury were fully warranted in the conclusion they arrived at — that defendant was one of the

guilty parties. Other and abundant evidence, besides that of the peddler, fixes defendant about the time and place of. the commission of the crime, which has not been successfully met, much less overcome, by his supposed *alibi*, and the proof adduced to sustain it. This evidence all tends in such a manner to corroborate and support the direct and positive testimony of the man who was robbed as to force the conviction upon our minds that the defendant is one of the guilty parties.

" It is the appropriate province of the jury to weigh the evidence, and, unless it appears that their finding is against the evidence, this court has invariably refused to disturb the verdict." *Jordan* v. *The State*, 10 Texas, 479 ; *Shaw* v. *The State*, 27 Texas, 750 ; *March* v. *The State*, 3 Texas Ct. App. 335.

The jury have found the appellant guilty, as we think, upon sufficient evidence ; and, concurring in this finding, and further believing that defendant has had a fair and impartial trial, during which no material error was committed, the judgment of the court below is in all things affirmed.

*Affirmed.*