## W. J. Shultz *v.* The State.

1. EVIDENCE — LEADING QUESTIONS. — A witness may be asked a leading
question, where an omission in his testimony is evidently caused by a want
of recollection, which a suggestion may assist; and a witness may relate,
in his own language, what may be necessary by way of introduction to
render his narrative intelligible, provided he be properly restricted when
he reaches the material parts of his testimony.

2. SAME. — When, on the trial of a criminal case, evidence is excluded which
might have been properly admitted without prejudice to either side, but
which, if admitted, would prove a fact so remotely connected with the case
as to entitle it to no appreciable weight in favor of the defendant, it fur-
nishes no ground for the granting of a new trial, nor for a reversal of a
judgment of conviction.

3. NEW TRIAL — NEWLY DISCOVERED EVIDENCE. — The rules regulating the
granting of new trials on account of newly discovered evidence are the
same in criminal as in civil cases.

4. SAME. — A new trial will not be granted to enable the party to adduce
newly discovered evidence which, by due diligence, could have been dis-
covered before the trial; nor if the newly discovered evidence is cumula-
tive only; nor unless it would be likely to change the result.

5. SAME. — Motions for new trials because of newly discovered evidence being
addressed to the sound discretion of the court below, this court will not
reverse unless it appears that the court below has not exercised its discre-
tion according to the established rules of law.

6. CHARGE OF THE COURT. — A charge on any apparent issue is appropriate
only where some evidence has been adduced in support of such issue.

7. SAME. — In a prosecution for theft, the court charged the jury that it was
immaterial whether or not the party injured had been paid for the property
stolen, for the reason that, if guilty in the first instance, subsequent pay-

ment was no atonement for the offence. *Held*, correct; and that, if there was error at all in this connection, it was in admitting evidence of such payment by accused, or any one for him; but it is error of which he cannot be heard to complain.

`APPEAL from the District Court of DeWitt. Tried below before the Hon. H. C. PLEASANTS.

Appellant was convicted of the theft of an ox, and his punishment was assessed at confinement in the penitentiary for three years.

No brief for the appellant has reached the reporters.

*W. B. Dunham*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant was tried and convicted on a charge of theft of an ox, the property of one J. M. Dow, and his punishment was assessed at confinement in the State penitentiary for a period of three years. A motion was made for a new trial, which was overruled; and this appeal is prosecuted.

It appears, from a bill of exceptions, that certain testimony of the prosecuting witness, Dow, and of the deputy inspector, Faulkner or Falconer, was permitted to go to the jury, over objections by the defendant. The objectionable testimony is set out in the bill of exceptions substantially as follows:

1. The witness Dow stated that some little negro boys told him that they had seen some parties driving the stag in a drove towards Cuero, about the time of the theft alleged in the indictment, but they did not know the parties.

2. The witness Faulkner said he refused to pass the stock as described in the bill of sale by the defendant and Meador, and thought, as near as he could recollect, that

the defendant claimed as his own the stag branded as alleged in the indictment, and gave a bill of sale alone and separate from the joint bill of sale.

The objections to this testimony are, that what the boys said to the witness Dow was hearsay, and that the other witness had been improperly allowed to testify as to a separate bill of sale, which should have been produced as the better evidence. Taking this testimony as stated in the defendant's bill of exceptions, it would seem that well-known rules of evidence had been violated as pointed out, and that it had been improperly admitted to the jury; but when scrutinized and considered in the light of the whole of the testimony of the witnesses respectively, as found in the statement of facts, the seemingly objectionable features disappear.

The bill of exceptions does not claim to set out the whole of the testimony of the witnesses on the subject, in connection with those portions which were objected to, but only such portions as were deemed to be objectionable. Reference being had to the statement of facts, it will be seen that, so far as the statements of Dow are concerned, the portion objected to was but a portion of the introductory part of the narrative, in which he was recounting the loss of his ox and the information which led him to his search, and had no relation to the material part of the testimony. In such case it does not appear that the strict rules apply. On the contrary, it is permissible to ask a witness a leading question when an omission in his testimony is evidently caused by a want of recollection, which a suggestion may assist. 1 Greenl. on Ev., secs. 434, 435. If a witness may thus be led by counsel in the introductory portion of his testimony, we see no reason why he would not be permitted to tell, in his own language, what may be necessary, by way of introduction, to make his narrative intelligible, if his statements be properly restricted

when he reaches the material parts of his testimony, — that is, those portions that bear upon the issues involved in the case about which he is called to testify.

As to the portion of the testimony of the witness Faulkner which is objected to, it is apparent that he is the same witness mentioned in the statement of facts as Falconer, and who was deputy-inspector; and it seems from the record that he was deputy-inspector of animals for DeWitt County in June, 1875, and about June 10th inspected a certain herd of cattle. In his testimony he states: "The ox described in the indictment was put into the herd by the defendant, W. J. Shultz. A bill of sale was executed by said defendant and John and William Meador, and it included the ox set out in the indictment, with other animals. I was not satisfied, and told Shultz he could not put the ox in the herd. He claimed authority to do so, and, I think, claimed the ox as his own, but am not positive about this. He satisfied me, and I think he executed a separate bill of sale to the ox." And then the witness goes on to say that "the bill of sale on record, and given in evidence, is the first bill of sale."

It is difficult to determine whereabouts in the testimony of this witness the statement objected to comes in, and we would be inclined to hold that the record did not sustain the exception, but for the bill of exceptions certified by the judge. This being the case, the evidence objected to must be regarded as having been admitted as stated therein. Upon the whole, we conclude that there was no such error committed in the admission of this evidence as would warrant interposition by this court. True, the witness spoke of a separate bill of sale for the ox, but it does not appear that he was interrogated as to the contents of the document, or that he stated what its contents were, or that the production of the bill of sale was called for, or cut any figure in the case. A bill of sale corresponding with that mentioned

in another portion of this witness's testimony was admitted in evidence without objection, which appears to have been made by the defendant, W. D. Meador, and John Meador, covering some sixty-five head of cattle in as many different marks and brands. Among the brands is found one branded as the ox described in the indictment, with the word " stag " written opposite, and, for aught that appears, is the same mentioned by Faulkner in connection with his refusal to pass the ox. The animals in this bill of sale appear to have been' inspected by the regular inspector, King.

In *Boone* v. *The State*, 42 Texas, 237, it was held, and correctly so, that " when, on the trial of a criminal case, evidence is excluded which might have been properly admitted without prejudice to either side, but which, if admitted, would prove a fact so remotely connected with the case as to entitle it to no appreciable weight in favor of the defendant, it furnishes no ground for the granting of a new trial." This being the rule, we see no reason why the rule would not apply, the terms being reversed. We cannot see that the testimony objected to was entitled to any appreciable weight, and this was doubtless the estimate put upon it by the judge who tried the case below. If the question would not have been of sufficient importance to authorize the granting of a new trial, it would not be of importance sufficient to warrant a reversal of the judgment.

A new trial was further claimed on the ground of newly discovered evidence, as shown by the affidavit of the accused and of two supporting witnesses. The rules regulating the granting of new trials on the ground of newly discovered evidence are substantially the same in criminal prosecutions as in civil suits. *Shaw* v. *The State*, 27 Texas, 750.

Motions of this character are to be scrutinized with much strictness, and are addressed much to the sound discretion of the court; and when the court has refused such applica-

tion, this court will not reverse, " unless it shall appear that
the court has not exercised its discretion according to the
established rules of law and the principles of adjudicated
cases." *Mitchell* v. *Bass,* 26 Texas, 372. " By new evi-
dence is meant proof of some new and material fact in the
case, which has come to light since the trial." *Mitchell*
v. *Bass,* 26 Texas, 372.

A new trial will not be granted to enable the party to
procure new testimony which could have been discovered
before the trial, by the use of proper diligence. *Harmon*
v. *The State,* 3 Texas Ct. App. 51. Nor when the alleged
newly discovered evidence is cumulative only, and not likely
to change the result. *Higginbotham* v. *The State,* 3 Texas
Ct. App. 447 ; *West* v. *The State,* 2 Texas Ct. App. 209.

Testing the present application by these rules, we are of
opinion that the court did not err in overruling the motion
for a new trial. The most that can be said of the affidavit
of the accused, and of the supporting affidavits, is that the
evidence, if produced, would be but cumulative of evidence
offered on the trial in proof of what appears to have been
the principal ground of defence, to wit, that the accused
had authority from one Parks to control animals bearing the
brand upon the one in controversy. The diligence used in
order to discover the testimony of the new witness, and the
discovery of its materiality, are inconsistent with the appar-
ent theory of the defence, and will not bear scrutinizing
with much strictness.

On the subject of this apparent defence, the following
charge was given to the jury : " If the jury believe from
the evidence that the defendant took the animal described
in the indictment, believing it to be the property of one
who had authorized the defendant to take and dispose of
his cattle, and with no intent to deprive the owner of the
value of his property, he would not be guilty of theft, and
the jury should acquit the defendant." This instruction

could only have been appropriate upon some evidence having been adduced in support of some such defence as is herein above stated.

The following paragraph of the charge is complained of, to wit: "The jury are instructed that it is altogether immaterial whether the witness Dow has or has not been paid for the animal charged to have been stolen from him by the defendant, for the reason that, if the defendant be guilty of the theft as charged, he could not atone for the offence by paying the owner for the animal stolen; and the jury need not, therefore, consider this issue in determining the guilt or innocence of the defendant." There was no error in this charge. If there was any error committed on this subject, it was in admitting proof of the defendant or his friends having paid for the animal after it had been found and traced to and through the hands of the accused; but if there be error in admitting such proof, the appellant has not complained, nor does he now complain.

Whilst we have not deemed it important to discuss all the alleged grounds complained of in the motion for a new trial and in the assignment of errors, we have carefully considered them all, and, after so doing, find no sufficient grounds to interfere with the verdict and judgment.

The appellant, so far as can be determined by the record, has been legally tried and properly convicted, and upon sufficient testimony. The judgment is affirmed.

*Affirmed.*